J. W. NESBITT, Appellant,

v.

Knox GARVIN, Trustee, Appellee.

No. 7010.

Court of Civil Appeals of Texas.

Texarkana.

Dec. 10, 1957.

Rehearing Denied Jan. 7, 1958.

---

Austin C. Hatchell, Henry Atkinson, Longview, for appellant.

L. F. Burke, Longview, Paul M. Branch, Kilgore, R. L. Whitehead, Longview, for appellee.

CHADICK, Chief Justice.

This is a trespass to try title suit from Gregg County. The plaintiffs in the trial court recovered title and possession of the small tract involved and certain rent money deposited in the court registry, and the judgment of the trial court is affirmed.

Knox Garvin, Trustee, sued J. W. Nesbitt, Vera Jordan and J. E. Jordan, claiming title to a 30x150-ft. lot under the 5 and 10 year statutes of limitation, and for rental money deposited in the registry of the court by Vera and J. E. Jordan as tenants of the property. J. W. Nesbitt answered by plea of not guilty and a claim of title to the lot under the 3, 5, 10 and 25 year statutes of limitation. The Jordans did not perfect an appeal. A more extended recital of the pleadings and facts is not deemed necessary in view of the disposition to be made of the case and reference is made to only the testimony or pleadings that have a bearing upon the questions presented for review.

The lot is located either in the S.E. corner of a 16-acre tract, or in the S.W. corner of a 105.6-acre tract. These larger tracts are adjacent, the 16-acre being West of the 105.6-acre, and have a common North-South boundary line, the terminus of which is a common corner on their South side on U. S. Highway 80 near Longview. The area of the lot is approximately one tenth of an acre and a package liquor store is operated there by the Jordans.

Appellant's points 1 to 4 are grouped for discussion in the brief and question the trial court's judgment as having no support in the evidence, because a common source of title is not shown, and because the evidence failed to show a record "claim" of title from the State to appellee Knox Garvin; and because the competent evidence in the record is insufficient to support the judgment and is insufficient to support a judgment under either Article 5509 or Article 5510, Vernon's Texas Civ.St., the 5 and 10 year statutes of limitation. This attack on the judgment makes it necessary to look to the evidence adduced at the trial. It is necessary to consider only that evidence, if any, favorable to the judgment to determine if it and the legitimate inferences and deductions therefrom will support the judgment. The failure of the parties to agree upon or the appellee to prove a common source of title was alluded to in oral argument before this Court, but appellant briefed his case upon the theory that appellee recovered under his limitation pleas and does not notice the common source point or cite authority respecting it. It not being necessary to prove common source as a prerequisite to recovery under the 10 year statute, and it appearing to this Court that the judgment may be sustained under that statute, no further notice will be taken of the point of error, except to overrule it.

The appellant contends and in the trial court offered considerable testimony to show the lot in litigation was in the S.E. corner of the 16-acre tract and on the West side of the North-South common boundary of the 16-acre and 105.6-acre tracts. The appellee maintained and presented testimony tending to show the lot was in the S.W. corner of the 105.6-acre tract and on the East side of the common North-South boundary. Location of this North-South boundary line of the tracts was of key importance in establishing the

contention of either party. Appellee tendered testimony of witnesses long familiar with both tracts of land and the use and occupancy thereof. These witnesses testified the boundary line was West of the lot in litigation and coincided with the West boundary line of such lot as it is located on the ground. They supported their location of the boundary line by reference to existing trees, stumps, posts and other occupation indicia. A qualified surveyor located a line upon the ground West of the lot as it is now occupied and justified his location from evidence of previous occupation, an old fence line, and other matters.

The appellant argues in his brief:

"In the beginning, we are faced with the irrefutable fact that the plaintiff has failed to prove by competent testimony a legitimate claim or title to the lot sued for. Any title he has to the lot must be by the ten years Statute of Limitation, which was not proven."

To understand this contention it is necessary to look briefly to the title history of the 105.6-acre tract. Emma S., Dora and Fannie Simmons acquired this land as two separate 50-acre tracts. In 1930 these sisters granted a 5-year surface lease to D. J. Dobbs to 90 acres of land. Neither this lease nor any of the subsequently mentioned leases was introduced into evidence though one or all appear from testimony to be recorded in the Deed Records of Gregg County. On the death of Mr. Dobbs, his son-in-law, T. M. Utzman, succeeded to the lease and farming operations carried on under it. Thereafter, through 1953, Utzman seems to have continued leasing the land apparently under several written leases with a term of more than one year. In 1949, the Simmons sisters created a trust and conveyed the 105.6-acre tract to Knox Garvin as Trustee, for the benefit of Mrs. Wiley Fleetwood and others. Mrs. Fleetwood and others conveyed to Knox Garvin in 1953, their deed reciting that a recent survey found the tract to contain 105.6 acres, more or less.

The appellant says that the appellee can show a limitation title under the 10-year statute only by tacking his possession and use to that of the Simmons Trust and the Simmons sisters themselves. Appellant says in his brief that this may not be done because, referring to the tenant Utzman:

"He never owned or claimed the lot. He was only a tenant with a written lease on ninety acres of the 105.6 acres. The lease is not in evidence and no one can say the lot was included therein or that Utzman had authority to take possession thereof or to claim it for the Simmons sisters. Plaintiff said he was holding the lot for them, but in the absence of their consent or confirmation or ratification, which the evidence does not show, and in the absence of the lease contract, his efforts, if any, appear to be a naked trespass and therefore limitation does not run regardless of the length of time he may have held the property."

The appellant is not sustained in this contention by the record. The witness Utzman with a plat before him showing a common North-South boundary line of the 16- and 105.6-acre tract, which placed the lot in litigation on the East side of that common boundary and in the S.W. corner of the 105.6-acre tract, testified:

"Q. Mr. Utzman, we were talking about or rather you testified with reference to the fence as represented on Plaintiff's Exhibit 2, and what you have seen on the ground. That fence line was the fence line to what piece of property, as you knew the property out there on the ground and the general reputation in the area? A. It was the fence line, I thought, between the Simmons farm and the farm west of there.

"Q. When you went into possession of the Simmons farm, did you go into possession and claim up to that fence

line as a part of the Simmons farm? A. I did, yes, sir.

\* \* \* \* \* \*

"Q. Now, what use did you put the land down there in the southwest corner of the Simmons tract to, that you went in possession of under that lease of tenancy? A. What year are you speaking of?

"Q. Well, from the very beginning, and I want you to tell the year that you went in possession of it and what use you put that land to each year that you had it. A. I went in possession of it in 1930, in September, put some cows out there for that winter, pasture."

The witness Thrasher, with reference to a similar plat testified:

"Q. During the time you knew the Simmons tract, did you ever know of anybody claiming the land East of the line that you have testified about as being the West line of the Simmons tract? A. Nobody but the Simmons."

This testimony of these witnesses is subject to the construction that Utzman was placed in possession of land up to the boundary line contended for by appellee by the Simmons Sisters as landlords and owners or claimants thereof; if such was the fact as the court found it to be, his claim to and possession and use of this land which included the lot in litigation inured to the benefit of the Simmons sisters. See 2 Tex.Jur. Title, Adverse Possession, Chaps. 40 and 41, pp. 76–80, and authorities there cited. In that work at page 77 it is said, in summing up the holding of the courts regarding possession by agents, co-tenants, husbands for wives, etc., that: "And in any situation, apparently, where one person has put another in possession of land, the occupancy of the latter is deemed to be that of the former." This opinion will not be lengthened to recite the evidence intro-

duced by appellee to support the 10-year statute of limitation. It suffices to say that the same has been examined, and it shows that title was divested out of the State by patent, and in all respects is adequate to show a limitation title.

Consideration of the evidence heretofore recited shows that possession of the lot in litigation was had under a "claim of right." Utzman being placed in possession by his lease of the land embracing the disputed lot, took it under a claim of right thereto asserted by the Simmons sisters. A recent case by this Court, Arnold v. Jones, 304 S.W.2d 400, discusses the nature of the possession necessary to show a claim of right and quotes from Smith v. Jones, 103 Tex. 632, 132 S.W. 469, 31 L.R.A.,N.S., 153; and Thompson v. Richardson, Tex. Com.App., 221 S.W. 952. Reference to those cases is made for a more extended discussion of this question. Appellant's points of error 1 through 4 are respectfully overruled. The evidence is sufficient to support the judgment.

Preliminary to discussing appellant's last four points it is noted that appellant tendered testimony from disinterested sources that appellant had been in possession, planted a garden upon, occupied, used and enjoyed the disputed lot every year since 1941. Had appellant prevailed in the trial court and been awarded title and possession of the lot by judgment, it would have been supported by the evidence. But such is not the case. The implied findings of the trial court is that possession, occupancy and use of the lot is as appellee contended. The whole body of the evidence has been considered, and it cannot be said that there is no evidence or even that there is insufficient evidence to support the judgment nor that the judgment is contrary to the great overwhelming weight and preponderance of the evidence. It follows that all of appellant's points must be and are overruled.

The judgment of the trial court is affirmed.