**Richard DENWITTY, Independent Administrator, et al., Appellants,**

v.

**Calvin WESLEY et al., Appellees.**

**No. 4507.**

Court of Civil Appeals of Texas.

Waco.

July 14, 1966.

Rehearing Denied Aug. 4, 1966.

William Andress, Jr., Dallas, for appellants.

W. J. Durham, J. L. Turner, Jr., Dallas, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal from a judgment non obstante veredicto in a trespass to try title suit involving a 44 by 103 foot lot in Dallas.

The case went to trial on appellees' (the Wesley's) Fourth Amended Cross Action which alleged the land in controversy was deeded to John C. Clark and wife Annie Clark in 1903 and 1905; that the Clarks had actual, exclusive possession of the land for more than 45 years prior to the date appellants (the Denwittys) asserted any claim to the property; that appellees are the sole heirs of the Clarks; and that appellants assert some claim to the property which casts a cloud on appellees' title. Appellees further plead title by virtue of the 10 and 25 year statutes of limitations; and plead superior title under a common source of title. Appellees prayed that appellants' claims be adjudged a cloud on appellees' title and removed; and that appellees have title and possession to the land.

Appellants answered by general denial only. Trial was to a jury which found:

1) Appellees and those under whom they claim have not held peaceable, adverse possession of the land in controversy, using and enjoying same, and paying taxes thereon, and claiming under a deed for any consecutive period of 5 years prior to November 25, 1959.

2) Appellees and those under whom they claim have not held peaceable, adverse possession of the land in controversy for any consecutive 10 year period after 1903 and up to the filing of suit on November 25, 1959.

3) Appellees and those under whom they claim have not held peaceable, adverse possession of the land in controversy for any consecutive 25 year period prior to the filing of suit on November 25, 1959 under a claim of right or deeds.

4) Appellants held peaceable, adverse possession of the land in controversy using and enjoying same, and paying taxes thereon, claiming under a deed for 5 years, before November 25, 1959 and after October 24, 1947.

5) Appellants held peaceable, adverse possession of the land in controversy for 10 consecutive years before November 25, 1959 and after October 24, 1947.

Appellants moved for judgment on the verdict. Appellees moved for judgment non obstante asserting (among other things) the undisputed evidence shows appellees the sole and only surviving heirs of John C. and Annie Clark; that John C. and Annie Clark acquired the property by deed in 1903; and appellees and those under whom they claim (the Clarks) held continuous possession from 1903 to 1959.

The trial court overruled appellants' motion for judgment; granted appellees' motion for judgment non obstante and entered judgment removing the cloud on appellees' title; and decreeing fee simple title and possession of the property in appellees.

Appellants appeal on 7 points, contending:

1) The trial court erred in admitting documents in evidence without same being listed or filed in advance of trial.

2) Since appellees did not establish title from the sovereign or from common source with their own as superior, judgment for appellees was error.

3) There was sufficient evidence to sustain the jury's answers to Issues 1, 2, 3, 4 and 5; and judgment to the contrary is error.

■ We revert to appellants' 1st contention. The trial court permitted appellees to introduce a marriage license, a number of deeds, and other instruments from the County Clerk's records, without notice of same having been given appellants three days in advance of trial, as required by Article 3726 Vernon's Ann.Civ.St. All of these instruments were introduced by appellees in an effort to prove title from the sovereign. Since the judgment is not predicated on title from the sovereign, the asserted error is harmless. Rule 434 Texas Rules of Civil Procedure.

■ We revert to appellants' 2nd and 3rd contentions. It is undisputed that John C. and Annie Clark took possession of the property here in controversy under warranty deeds duly recorded in 1903, and remained in continuous, uninterrupted possession until 1941 or 1947; and that appellees are the sole remaining heirs of John C. and Annie Clark. The Clarks perfected title to the property under the 10 and 25 year Statutes of Limitations; appellees acquired such title by inheritance.

■ In such situation it is not necessary that appellees prove either title from the sovereign or from common source. Nesbitt v. Garvin, C.C.A. (nwh), 308 S.W. 2d 86; Brohlin v. McMinn, 161 Tex. 319, 341 S.W.2d 420. There is no evidence to sustain the jury's answers to Issues 2 and 3.

■ Appellants did not plead any Statute of Limitations. Limitation is not available as a defense unless plead. Rule 94, TRCP; Southwestern Fire & Cas. Co. v. Larue, Tex., 367 S.W.2d 162. Appellants therefore can assert no title by limitations, or by virtue of jury findings 4 and 5. Appellees' title remains undefeated.

The judgment is correct. Appellants' points and contentions are overruled.

Affirmed.