**Frank C. MUSSO and wife, Mary P. Musso, Appellants,**

**v.**

**James F. CRONLEY and wife, Josephine Cronley, Appellees.**

**No. 4670.**

Court of Civil Appeals of Texas.

Waco.

Dec. 14, 1967.

Rehearing Denied Jan. 4, 1968.

Billings, Pierce, Gilley & Stanton, William F. Billings, Nina Lambeth, Charlie R. Wise, Dallas, for appellants.

Erhard, Cox & Ruebel, Robert C. Cox, Dallas, for appellees.

## OPINION

WILSON, Justice.

This action was framed as a boundary dispute. Appellee-plaintiff sought judgment for title to a three-foot strip between two city lots and an injunction requiring removal of alleged encroachments. In a non-jury trial title was decreed to be in appellee, and appellants were ordered to remove the encroachments. We affirm.

Although appellants pleaded the 25-year statute of limitation, they concede they failed to establish any right thereunder, and their sole point on the merits is that the undisputed evidence shows they acquired title by adverse possession under the ten-year statute, Art. 5510, Vernon's Ann.Tex. St.

Appellants did not plead adverse possession under Art. 5510. They pleaded only that they acquired title under the 25-year statute, Arts. 5519 and 5519a.

■ In the absence of such pleading it is not necessary for us to decide whether the undisputed evidence establishes appellants' right to judgment under the ten-year statute, nor to pass on their complaint of the court's failure to file additional findings of fact, request for which was not called to the court's attention.

■ Rule 94, Texas Rules of Civil Procedure prescribes that pleas in avoidance and affirmative defenses, including a statute of limitation, be pleaded affirmatively. In the absence of such pleading the defense is waived. Tex-Craft Builders, Inc. v. Housing Authority of Texas City, Tex.Civ. App., 404 S.W.2d 337, 339 and cases cited; Maher v. Gonzalez, Tex.Civ.App., 380 S.W. 2d 764, and cases cited. See Denwitty v. Wesley, Tex.Civ.App., 405 S.W.2d 440, writ ref. n. r. e.

Appellant argues that the issue of adverse possession under the ten-year statute was tried by implied consent under Rule 67, Texas Rules of Civil Procedure, and lack of pleading was thereby waived by failure to object to evidence which would have established rights under that statute.

■ The purpose of Rule 94 is to give the opposing party notice of the defensive issues to be tried. Petroleum Anchor Equipment, Inc. v. Tyra (Tex.Sup., 1967) 419 S.W.2d 829, 835; Reid v. Associated Employers Lloyds, Tex.Civ.App., 164 S.W. 2d 584, writ ref. Appellee was given notice that evidence would be adduced on the 25-year statute, not the other. The evidence offered was admissible under the pleaded statute, and was relevant to the issue pleaded. It was not incumbent on appellee, consequently, to object to the evidence on the ground it was not within the pleading in order to avoid waiver. Such an objection would have been untenable since there was pleading to support admission of the evidence.

Since it is conceded appellants failed to establish the only defense pleaded, and since the issue now relied on was not tried by implied consent, the judgment is affirmed.