

# The Attorney General of Texas

April 27, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Ernie Tullis
Administrator
Texas Employment Commission
Austin, Texas 78778

Opinion No. H- 1159

Re: The statute of limitations in the Texas Employment Commission Act.

Dear Mr. Tullis:

You ask three questions about the statute of limitations in the Texas Unemployment Compensation Act. Section 14(b) of the Act, codified as article 5221b-12(b), V.T.C.S., provides in part:

> Collections: If, after notice, any employer defaults in any payment of contributions, penalties or interest thereon, the amount due shall be collected by civil action in a District Court in Travis County, Texas, in the name of the State and the Attorney General, and the employer adjudged in default shall pay the costs of such action; provided, however, that no court action shall be begun to collect contributions or penalties from an employer after the expiration of three (3) years from the due date of such contributions, except that, in any case of a willful attempt in any manner to evade any of the provisions of the Unemployment Compensation Law or Commission rules or regulations promulgated thereunder, such action may be begun at any time.

You first ask whether article 5221b-12(b) absolutely prohibits the Commission from filing suit to collect delinquent taxes three years after the due date. In our opinion, this article establishes a three year statute of limitations for collection of taxes, in the absence of a willful attempt to evade the Act. The language of this section is similar to the language of general statutes of limitation. See, e.g., V.T.C.S. arts. 5526, 5526b, 5527. The predecessor of article 5221b-12(b) contained an additional sentence referring to "[t]he three-year period of limitations herein prescribed." Acts 1943, 48th Leg., ch. 339, § 1, at 573; see Acts 1955, 54th Leg., ch. 116, § 10, at

p. 4694

408 (repealing additional sentence). Thus, the Legislature which enacted the three year deadline considered it as a statute of limitations, and we do not believe it should be regarded as an absolute bar on the Commission's filing suit. Cf. Attorney General Opinion M-11 (1967). See also Maher v. Gonzalez, 380 S.W.2d 764 (Tex. Civ. App. — San Antonio 1964, no writ). The statute of limitations constitutes a defense which must be affirmatively pleaded. Southwestern Fire & Casualty Co. v. Larue, 367 S.W.2d 162 (Tex. 1963); Tex. R. Civ. P.94. In the absence of pleading, the defense is waived. Musso v. Cronley, 422 S.W.2d 840 (Tex. Civ. App. — Waco 1967, no writ).

Your remaining questions concern the recovery of an overpayment of benefits pursuant to article 5221b-14(d), which provides as follows:

> Any person who, by reason of the nondisclosure or misrepresentation by him or by another, of a material fact (irrespective of whether such nondisclosure or misrepresentation was known or fraudulent) has received any sum as benefits under this Act while any conditions for the receipt of benefits imposed by this Act were not fulfilled in his case, or while he was disqualified from receiving benefits, shall, in the discretion of the Commission, either be liable to have such sum deducted from any future benefits payable to him under this Act or shall be liable to repay to the Commission for the Unemployment Compensation Fund, a sum equal to the amount so received by him, and such sum shall be collectible in the manner provided in . . . [article 5221b-12(b), V.T.C.S.] for the collection of past due contributions.

You ask whether a suit to collect the overpayment is subject to the three year statute of limitations. In our opinion, the statute of limitations is part of "the manner provided . . . for the collection of past due contributions" under article 5221b-12(b). See American National Insurance Co. v. Hicks, 35 S.W.2d 128 (Tex. Comm'n App. 1931, jdgmt adopted) (statutes of limitations regulate method whereby law is applied). The three year statute of limitations is therefore applicable by reference to suits for collection of overpayment from recipients under article 5221b-14(d). See Westervelt v. Yates, 194 S.W.2d 395, 398 (Tex. 1946).

You finally ask whether the three year statute of limitations also bars the deduction of overpayments from future benefits payable to a claimant. Article 5521b-14(d) provides two alternative methods for recovering overpayments. The recipient may be liable (1) to have the overpayment deducted from future benefits or (2) to repay the sum to the Commission. The Commission can deduct the overpayment from future benefits without resorting to the collection procedure given in article 5221b-12(b). A lawsuit is necessary only to recover the excess from funds the person holds. Since the collection procedure is inapplicable to deductions from future benefits, the statute of limitations which constitutes part of that procedure is also inapplicable.

### S U M M A R Y

The three year statute of limitations for collection of unemployment contributions under article 5221b-12(b), V.T.C.S., does not prohibit the Commission from filing suit and may be waived by the defendant. The statute of limitations applies to a suit by the Commission to recover an overpayment of benefits under article 5221b-14(d), V.T.C.S., but does not apply to the deduction of overpayments from future benefits.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst