**Opinion filed August 12, 2010**



# In The

# Eleventh Court of Appeals

_____

## No. 11-09-00103-CV

_____

## SECURITY SELF STORAGE LLC, Appellant

## V.

## SEAN PAULING AND SHANNON BURK, Appellees

**On Appeal from the 30th District Court**

**Wichita County, Texas**

**Trial Court Cause No. 166,910-A**

## M E M O R A N D U M   O P I N I O N

This appeal arises out of a landlord-tenant dispute involving a self-storage facility. Sean Pauling and Shannon Burk[1] rented a storage unit from Security Self Storage LLC.[2] Believing that they had rented storage unit no. 38, appellees placed various items of Pauling's personal

---

[1]Burk is the only person listed as a tenant on the written lease agreement at issue in this appeal. Burk and Pauling were living together at the time they rented the unit, and the items that they planned to store belonged to Pauling. Pauling testified that Burk signed the lease agreement because Pauling had left his identification at home.

[2]The notice of appeal names David Lilley as an appellant. However, upon reviewing the record, it does not appear that Lilley was actually a party to the case. He was a partner in Security Self Storage LLC.

property in storage unit no. 38. However, appellant's employee that met with appellees at the storage facility believed that they had rented storage unit no. 34. In this regard, appellant's employee listed storage unit no. 34 on the written lease agreement as the unit leased by appellees. When appellant subsequently discovered appellees' items being stored in unit no. 38, it did not realize that the items belonged to appellees. It subsequently disposed of appellees' items stored in unit no. 38 based upon its belief that the items had been abandoned on its property.

Appellees initiated the underlying action to recover damages for their losses by filing suit against appellant in justice court. Appellant responded to the suit by filing a general denial. The justice court awarded appellees $3,000 in damages. Appellant appealed the justice court judgment to the district court for a de novo bench trial. As per the district court's judgment, it determined:

> [T]here was a mutual mistake, occasioned by a scrivener's error, in the drafting of the Self-Service Storage Rental Agreement made the subject of this lawsuit. The Court finds that the parties agreed that Shannon Burk would lease Unit 038; however, the Defendant's employee and agent, Ms. Fancher, typed the wrong unit number in the agreement. For these reasons, the agreement is reformed to reflect the actual intent of the parties – the lease of unit 038.

The district court determined that appellant breached the agreement and converted Pauling's property. The district court awarded Burk $455 for rent paid to appellant, and it awarded Pauling $4,175 for the value of the property discarded from unit no. 38. The district court also awarded appellees $2,558 in attorney's fees. Appellant challenges the trial court's judgment in two issues. We affirm.

### Affirmative Defense of Release

In its first issue, appellant asserts that a provision in the written lease agreement barred appellees' recovery as a matter of law. The provision reads as follows:

> NO REPRESENTATIONS OF SAFETY OR SECURITY HAVE BEEN MADE TO TENANT BY LESSOR OR LESSOR'S AGENTS. TENANT HEREBY RELEASES LESSOR AND LESSOR'S AGENTS FROM LIABILITY FOR LOSS OR DAMAGE TO PROPERTY STORED IN OR TRANSPORTED TO OR FROM TENANT'S SPACE--REGARDLESS WHO OWNS SUCH PROPERTY AND REGARDLESS WHETHER THE LOSS OR DAMAGE IS CAUSED BY FIRE, SMOKE, DUST, WATER, WEATHER, INSECTS, VERMIN, EXPLOSION, UTILITY INTERRUPTION, EQUIPMENT MALFUNCTION, UNEXPLAINED DISAPPEARANCE, NEGLIGENCE OF

2

LESSOR OR LESSOR'S AGENTS, THEFT BY OTHERS, OR ANY OTHER CAUSE.

Appellees contend that appellant has waived reliance on this provision by failing to plead release as an affirmative defense and failing to present it to the trial court for consideration. We agree.

Rule 94 of the Texas Rules of Civil Procedure requires that all matters constituting an avoidance or affirmative defense must be pleaded. *Land Title Co. of Dallas, Inc. v. F. M. Stigler, Inc.*, 609 S.W.2d 754, 756 (Tex. 1980). The purpose of Rule 94 is to give the opposing party notice of the defensive issues to be tried. *Id.* Release is one of the affirmative defenses listed in Rule 94. All affirmative defenses are waived when the defendant files only a general denial, and absent trial by consent, failure to plead matters of affirmative defense precludes the defendant from asserting them. *Bracton Corp. v. Evans Constr. Co.*, 784 S.W.2d 708, 710 (Tex. App.—Houston [14th Dist.] 1990, no pet.).

Appellant asserts that the issue of release was tried by express or implied consent. It premises this contention on the fact that appellees relied on the contract in prosecuting their claim. It additionally relies on its trial counsel's opening statement wherein he stated that appellant intended to rely on "the entire written agreement, every provision." We disagree with appellant's contention in this regard. Appellant's trial counsel never directed the district court's attention to the release provision. To the contrary, appellant defended the case on the theory that the written lease agreement did not apply to appellees' claim arising from unit no. 38 because the written lease agreement only pertained to unit no. 34 by its express terms.[3] Appellant's trial counsel cited a merger clause contained in the written lease agreement in support of its proposition that any oral understanding as to the rental of unit no. 38 was nullified by the express terms of the written lease agreement. In the absence of any direct reference to the release provision at trial, we conclude that the affirmative defense of release was not tried by consent and that appellant waived reliance on the release provision as a limitation of its liability.[4] Appellant's first issue is overruled.

---

[3]In some respects, appellant's reliance on the release provision in this appeal is inconsistent with its position at trial that the written lease agreement had no application to appellees' claims.

[4]In light of our determination that appellant waived the defense of release, we express no opinion as to whether or not the release provision contained in the written lease agreement barred appellees' claims.

*Evidence of Presentment of Claim for Recovery of Attorney's Fees*

Appellant asserts in its second issue that there is either no evidence or insufficient evidence that appellees presented their claim as required by TEX. CIV. PRAC. & REM. CODE ANN. § 38.002 (Vernon 2008) in order to recover attorney's fees on their contract claim. We disagree. It is well established that no particular form of presentment is required. *Jones v. Kelley*, 614 S.W.2d 95, 100 (Tex. 1981). The word "present" has been defined to mean simply a demand or request for payment. *See Jim Howe Homes, Inc. v. Rogers*, 818 S.W.2d 901, 904 n.3 (Tex. App.—Austin 1991, no writ). Pauling testified that he provided appellant with notice of appellees' claim for damages prior to filing suit – in the form of a notice letter from his attorney. This testimony constitutes evidence of presentment. Appellant's second issue is overruled.

Finally, appellees have included a request for this court to award them damages under TEX. R. APP. P. 45 for a frivolous appeal. We decline appellees' request for an award of damages under Rule 45.

*This Court's Ruling*

The judgment of the trial court is affirmed.


TERRY McCALL

JUSTICE


August 12, 2010

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.