**AFFIRMED; Opinion Filed July 30, 2014.**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-13-00885-CV

## MIKE AVERETT, ROBERT CHADWELL, JEFF CHESHIER, BUD HEBERT, JEFF KISTER, RONALD KOPECKI, MARK MOYLE, FRANK A. ROSI, JIMMY SARTAIN, RAY STAHL, AND TIM WHITTINGTON, Appellants
### V.
## CAPX REALTY, LLC, Appellee

On Appeal from the 95th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-13-00950

### MEMORANDUM OPINION
Before Justices Moseley, O'Neill, and FitzGerald
Opinion by Justice Moseley

The issue in this appeal is whether appellants presented evidence raising a genuine issue

of fact about whether the purchaser of a golf course at a foreclosure sale ratified lifetime golf

memberships between appellants and the prior owner of the golf course. The background of the

case and the evidence adduced below are well known to the parties; thus, we do not recite them

here in detail. Because all dispositive issues are settled in law, we issue this memorandum

opinion. TEX. R. APP. P. 47.2(a), 47.4. We conclude appellants' response to a no-evidence

motion for summary judgment failed to raise a genuine issue of material fact and we affirm the

trial court's judgment.

Oly Castle Hills General Partnership d/b/a The Golf Club at Castle Hills (which is not a party to this proceeding) leased land for a golf course. It then mortgaged the ground lease. Oly, acting as Golf Club at Castle Hills, subsequently entered into contracts with appellants that granted appellants lifetime memberships at the golf club, which included free greens fees and other golf-related benefits. Appellee CAPX Realty, LLC was not a party to these contracts.

After entering into the contracts, Oly had financial difficulties and assigned its interest to another entity. That entity also had financial difficulties resulting in the foreclosure of the leasehold. CAPX subsequently bought the leasehold interest at the foreclosure sale and became the lessee. For nearly four years after CAPX bought the leasehold, appellants continued to golf for free.

About four years after it acquired the leasehold, CAPX conveyed its interest in the leasehold, except for any contractual obligations, to Castle Hills Golf Course Company[1] (the Landowner); the Landowner refused to honor the lifetime golf contracts.

Appellants' lifetime membership contracts state: "In the event of a transfer of ownership of the [Golf Club at Castle Hills], the membership may continue under the new ownership or may be terminated with a prorated refund to the Applicant as follows: up to ten (10) years 100% and after ten (10) years, 50% of the Lifetime Fee will be refunded." Appellants lost their golfing privileges approximately eight years after they entered into the contracts.

Appellants sued CAPX and Landowner for refunds under the terms of the contracts. Appellants alleged that CAPX ratified the lifetime golf contracts by its conduct after it acquired the golf course at foreclosure. In this case, appellants do not seek to have their golf privileges reinstated; they seek a refund of their money as specified in their contracts with Oly. Appellants seek to impose the refund obligation on CAPX even though CAPX is not a party to the contracts

---

[1] Castle Hills Golf Course Company is not a party to this lawsuit.

and is not expressly bound by the terms of the contracts. The theory appellants rely on is ratification of the contracts by CAPX after the foreclosure.[2]

CAPX filed no-evidence and traditional motions for summary judgment. CAPX argued that appellants had no evidence to support the elements of ratification and that the summary judgment evidence negated the elements of ratification as a matter of law. The trial court granted the motions, but did not specify the grounds for its judgment.[3]

We review the trial court's summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). When the motion for summary judgment presents both no-evidence and traditional grounds, we first review the propriety of the summary judgment under the rule 166a(i) no-evidence standards. *Shaun T. Mian Corp. v. Hewlett– Packard Co.*, 237 S.W.3d 851, 855 (Tex. App.—Dallas 2007, pet. denied) (citing *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004)).

A no-evidence motion for summary judgment under rule 166a(i) must challenge specific elements of the opponent's claim or defense on which the opponent will have the burden of proof at trial. TEX. R. CIV. P. 166a(i). The opponent must then present summary judgment evidence raising a genuine issue of material fact to support the challenged elements. *Id*. A genuine issue of material fact exists if the non-movant produces more than a scintilla of evidence supporting the existence of the challenged element. *Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004).

---

[2] In their petition, appellants also asserted that CAPX was liable because its actions constituted an implied assumption of the contracts. In its no-evidence motion for summary judgment, CAPX argued that there was no evidence of assumption. Appellants' brief on appeal does not discuss an implied assumption and, therefore, we do not consider it. *See* TEX. R. APP. P. 38.1.

[3] Landowner also filed motions for summary judgment, which the trial court granted. However, appellants do not appeal the trial court's judgment in favor of Landowner.

"Generally, ratification is a doctrine of agency law, and allows a principal to be bound by an agent's unauthorized contract in circumstances where the principal becomes aware of the contract and retains benefits under it." *Willis v. Donnelly*, 199 S.W.3d 262, 273 (Tex. 2006) (citing *Land Title Co. of Dallas, Inc. v. F.M. Stigler, Inc.*, 609 S.W.2d 754, 756 (Tex. 1980) ("Ratification may occur when a principal, though he had no knowledge originally of the unauthorized act of his agent, retains the benefits of the transaction after acquiring full knowledge.")). "Ratification, however, presupposes that the principal has an agent who, by agreement, is authorized to act on the principal's behalf." *Id.*

Ratification is not applicable to appellants' claims against CAPX. There is no evidence in the record that Oly (or anyone else) was CAPX's agent or that there was any agreement between CAPX and Oly (or anyone else) for Oly to act on CAPX's behalf. Rather, the evidence shows the contract was signed years before CAPX became involved with the property, and CAPX was unrelated to and independent from Oly. Therefore, CAPX could not ratify the contracts.

Appellants argue there are a "multitude of ways in which Appellee could have ratified Appellants' lifetime membership agreements." However, appellants' arguments fail to address the fact that there is no relationship between CAPX and Oly, which would have been necessary for a ratification to occur. The fact that CAPX allowed appellants to golf for free for approximately four years is insufficient to meet the test for ratification.

Without evidence showing CAPX was capable of ratifying the contracts, CAPX has no legal obligation to refund money to appellants for the loss of lifetime golf privileges. Therefore, no fact question was raised as to ratification. We overrule appellants' second issue.

We may affirm the grant of summary judgment if any of the grounds raised in the motion are meritorious because the trial court's order granting summary judgment does not specify the

ground relied upon for its ruling. *See Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex. 1989); *Campbell v. Texas Employers' Ins. Ass'n*, 920 S.W.2d 323, 327 (Tex. App.—Houston [1st Dist.] 1995, no writ). Thus, it is not necessary for us to address appellants' first issue whether the trial court erred by granting CAPX's traditional motion for summary judgment.

We affirm the trial court's judgment.

/Jim Moseley/
JIM MOSELEY
JUSTICE

130885F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MIKE AVERETT , ROBERT
CHADWELL, JEFF CHESHIER, BUD
HEBERT, JEFF KISTER, RONALD
KOPECKI, MARK MOYLE, FRANK A.
ROSI, JIMMY SARTAIN, RAY STAHL,
AND TIM WHITTINGTON, Appellants

No. 05-13-00885-CV          V.

CAPX REALTY, LLC, Appellee

On Appeal from the 95th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-13-00950.
Opinion delivered by Justice Moseley.
Justices O'Neill and FitzGerald participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee CAPX Realty, LLC recover its costs of this appeal from
appellants Mike Averett, Robert Chadwell, Jeff Cheshier, Bud Hebert, Jeff Kister, Ronal
Kopecki, Mark Moyle, Frank A. Rosi, Jimmy Sartain, Ray Stahl, and Tim Whittington.

Judgment entered this 30th day of July, 2014.