**MOTEL ENTERPRISES, INC., Appellant,**

v.

**Ahmad I. NOBANI, Appellee.**

**No. 01–88–00640–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 25, 1990.

Walter L. Borgfeld, Jr., John C. Fleming, Zeleskey, Cornelius, Rogers, Hallmark & Borgfeld, Lufkin, for appellant.

John R. Mahtis, Morgan and DeLong, P.C., Huntsville, for appellee.

Before EVANS, C.J., and DUGGAN and O'CONNOR, JJ.

## OPINION ON SECOND MOTION FOR REHEARING

EVANS, Chief Justice.

The original opinion is dated March 9, 1989. The first motion on rehearing was April 20, 1989.

Our opinion dated April 20, 1989, is withdrawn, and the following opinion is substituted. We grant the motion for rehearing, reverse the trial court's judgment, and remand the cause for further proceedings.

Motel Enterprises, Inc. appeals from a summary judgment that determined, as a matter of law, that Motel Enterprises, Inc. did not have a valid easement across the property of appellee, Ahmad I. Nobani.

In January 1983, Huntsville Super 8 Motel, Inc., the predecessor in title to Motel Enterprises, executed a deed of trust covering a tract of 1.268 acres ("the property") to secure payment of a promissory note in the principal amount of $550,000 payable to First National Bank of Huntsville. The next day, Huntsville Super 8 Motel, Inc. conveyed the property to Huntsville Super 8 Motel Venture, subject to the Bank's deed of trust. The note was renewed and extended several times, culminating in a renewal deed of trust being executed on January 12, 1984.

In April 1985, Huntsville Super 8 Motel, Inc. and Huntsville Super 8 Motel Venture, as grantors, conveyed to Motel Enterprises a .253 acre tract ("Tract A") out of the property, leaving a balance of 1.015 acres ("Tract B") in the property. Motel Enterprises then constructed a Dairy Queen restaurant on Tract A. In May 1985, the same parties executed an instrument entitled "Easements and Covenants Restricting Land," in which each of the respective landowners granted to the other mutual rights-of-way and easements across Tracts A and B. The Bank, however, did not subordinate its deed of trust lien to this easement agreement.

On January 6, 1987, the Bank foreclosed its lien on the property under the 1983 and 1984 deeds of trust. Two months later, on February 27, 1987, Nobani purchased Tract B from the Bank. Nobani testified by deposition that it was only after his purchase of Tract B that he discovered Motel Enterprises was using part of Tract B as a drive-through window for the Dairy Queen restaurant. Nobani threatened to block

this access with a fence, and Motel Enterprises brought this action to enforce its claim of an easement across Nobani's Tract B. The trial court, in granting the summary judgment for Nobani, concluded that the 1987 foreclosure had extinguished all rights of Motel Enterprises under the easement agreement covering Tract B.

■ When the owner of real estate executes a valid deed of trust, and then conveys an interest in the mortgaged property to a third party, the rights of the mortgagor's vendee are subject to the rights held by the beneficiary of the deed of trust. Thus, a foreclosure and sale under a valid deed of trust lien has the effect of passing all right, title, and interest that the mortgagor held at the time the deed of trust was executed, free and clear of the rights of any subsequent purchaser. *See Hampshire v. Greeves*, 104 Tex. 620, 626, 143 S.W. 147, 150 (1912). Here, the Bank's foreclosure sale invalidated the 1985 easement agreement as to Nobani, unless Nobani's subsequent acts or conduct precluded his denial of the pre-existing easement rights.

In its first point of error, Motel Enterprises argues there is a genuine issue of material fact about whether the Bank, or its successor, Nobani, after the 1987 foreclosure sale, ratified the 1985 easement agreement by accepting the benefits of that agreement.

■ A plea of ratification, like estoppel and waiver, is an affirmative defense. *Land Title Co. of Dallas, Inc. v. F.M. Stigler, Inc.*, 609 S.W.2d 754, 756 (Tex. 1980). The elements of ratification are: (1) approval by act, word, or conduct; (2) with full knowledge of the facts of the earlier act; and (3) with the intention of giving validity to the earlier act. *See Jamail v. Thomas*, 481 S.W.2d 485, 490 (Tex.Civ.App. —Houston [1st Dist.] 1972, writ ref'd n.r. e.).

■ Because ratification is an affirmative defense, it is the defendant's burden to offer proof on each element of the defense. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984). But, as Motel Enter-

prises correctly points out, Motel Enterprises is the non-movant in this summary judgment proceeding. So, it is only required to offer some summary judgment evidence raising a genuine issue of material fact on each element of the defense. *Cox v. BancOklahoma Agri–Service Corp.*, 641 S.W.2d 400, 404 (Tex.App.—Amarillo 1982, no writ).

Here, the Bank is not a signatory to the easement agreement, and there was no showing that the Bank ever agreed to or approved that instrument. Although the substitute trustee's deed purports to convey the land and "appurtenances" to the land, the deed is silent as to any easement rights with respect to adjoining properties.

■ The special warranty conveyance from the Bank to Nobani does contain a provision about easement rights, which reads as follows:

> This conveyance is made and accepted subject to any and all covenants, conditions, restrictions, easements and rights-of-way, if any, relating to the hereinabove described property, *to the extent, and only to the extent, that the same may still be in force and effect,* shown of record in the office of the County Clerk of Walker County, Texas.

(Emphasis added.) This conveyance simply recognizes that the grant is made subject to any existing easements that are "still in force and effect." This document does not evidence Nobani's ratification of the easement agreement.

■ After again reviewing the summary judgment proof, we conclude there is some evidence, albeit circumstantial, which tends to support Motel Enterprises' claim of ratification. A ratification may be shown by express act or word, or may be inferred from a party's course of conduct. *See Curtis v. Pipelife Corp.*, 370 S.W.2d 764, 768 (Tex.Civ.App.—Eastland 1963, no writ). The intent to give validity to the former transaction may be inferred from the existing facts and circumstances, as where a party retains the benefits of an invalid contract with full knowledge of the facts that make the contract voidable. *See Daniel v. Goesl*, 161 Tex. 490, 494, 341 S.W.2d

892, 895 (1960); *Rosenbaum v. Texas Bldg. & Mortgage Co.*, 140 Tex. 325, 329, 167 S.W.2d 506, 508 (Tex.Comm'n App.1943, opinion adopted); *see also Lake Meredith Dev. Co. v. City of Fritch*, 564 S.W.2d 427, 429 (Tex.Civ.App.—Amarillo 1978, no writ) (courts may look to surrounding circumstances to ascertain whether a party, who benefitted from an earlier transaction, did so with full knowledge of all relevant facts).

■ The summary judgment proof presents a genuine issue of material fact regarding whether Nobani knew or, in the exercise of reasonable observation, should have known, of the existence of the easement agreement executed by his predecessor in title, and whether he retained the benefits of such agreement after his purchase of Tract B. We recognize Nobani's deposition testimony that, as soon as he discovered Motel Enterprises was using Tract B, he objected to it, and asked for compensation for its use. He testified that, when that effort failed, he announced he was going to build a fence excluding Motel Enterprises from Tract B.

Nobani's testimony cannot, however, be given conclusive effect. There was also summary judgment proof from which a factfinder might reasonably conclude that at all times since May 1985, the date of the easement agreement, the owners and customers of the Dairy Queen Restaurant had continuously used the motel property for parking and access to the Dairy Queen premises, and that such use was in accordance with the terms of the easement agreement. From summary judgment proof, it also might be inferred that, during this same period of time, the owners and customers of the motel continuously used the driveways located solely on the Dairy Queen Tract A for access to the motel premises. This proof also tended to show use in accordance with the easement agreement. Moreover, a sign advertising the motel was erected on the Dairy Queen Tract A pursuant to the terms of the lease, which continued in effect for the term of the easement agreement. Furthermore, the deed from the Bank to Nobani expressly recognized this lease agreement, and specifically conveyed the "lease rights *presently owned by* [the Bank]" and used in connection with the operation of the motel situated on Tract B *together with a motel sign situated on* Tract A adjoining Tract B.

■ A purchaser is deemed to have knowledge of an easement affecting the property if such would have been disclosed by a reasonably careful inspection of the premises, or if the person had knowledge of facts sufficient to put a prudent buyer on inquiry. *See Fender v. Schaded*, 420 S.W.2d 468, 473 (Tex.Civ.App.—Tyler 1967, writ ref'd n.r.e.). Here, the summary judgment proof presents a genuine issue of material fact regarding actual knowledge or constructive notice to Nobani of the existence of the easement agreement at the time of his purchase of Tract B.

■ We further conclude that the summary judgment proof raises a genuine issue of material fact regarding Nobani's intent to be bound by the easement agreement, as evidenced by his recognition thereof, and his acceptance of benefits thereunder. A ratification that rests upon a manifestation of assent to confirm one's prior act, or that of another, may be established, even though it did not prejudice or induce a change of position in the other party. *Bocanegra v. Aetna Life Ins. Co.*, 605 S.W.2d 848, 851 (Tex.1980). A party who retains the benefits of an unauthorized transaction affecting his interest, after acquiring full knowledge of all relevant facts, may be held to have ratified the otherwise invalid transaction. *Land Title Co. of Dallas*, 609 S.W.2d at 757.

Because we conclude that the summary judgment proof presents a genuine issue of material fact with respect to each of the elements of Motel Enterprises' claim of ratification, we hold that the trial court erred in granting the motion for summary judgment in favor of Nobani. In reaching this conclusion, we expressly refrain from making any comment that might be interpreted as a conclusion with respect to the factual sufficiency of the evidence. Moreover, because of the necessity for further

proceedings in the case, we do not discuss Motel Enterprises' remaining contentions that do not affect the disposition of this appeal.

The trial court's summary judgment is reversed, and the cause is remanded to the trial court for further proceedings.