TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00552-CV







Missouri Pacific Railroad Company d/b/a Union Pacific Railroad Company and 

William R. Slone, III, Appellants


v.


Lely Development Corporation, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT

NO. 164,487-B, HONORABLE RICK MORRIS, JUDGE PRESIDING



 



 Appellants Missouri Pacific Railroad Company, doing business as Union Pacific
Railroad Company, and William R. Slone, III, (collectively "Union Pacific") appeal from the district
court's denial of their motion for summary judgment and its grant of summary judgment in favor of
appellee Lely Development Corporation ("Lely"). Union Pacific argues that Lely was required by
contract to indemnify Union Pacific. We will reverse and render judgment in favor of Union Pacific.

 In 1974 the vice-president of the Missouri-Kansas-Texas Railroad Company ("the
Katy"), Union Pacific's predecessor, and Lely's vice-president signed a contract under which the
Katy agreed to construct a private railroad crossing, at grade, over its tracks running across Lely's
property. Lely agreed to maintain the crossing, keeping it reasonably clear of vegetation or debris
that might obscure the sight of approaching trains. The contract also provided:


[Lely] hereby assumes the risk of and agrees to indemnify and save [the Katy]
harmless against all liability, damages, expenses, attorneys' fees and cost for injuries
to and deaths of persons whomsoever, including employees of [Lely] and [the Katy],
and damages to and destruction of property whosesoever, including property of
[Lely] and [the Katy], growing out of, incident to, or in any manner resulting from
the construction, maintenance, operation and presence of said crossing on [the
Katy's] right of way, regardless of railroad negligence.



 In 1994 an accident occurred at the railroad crossing, a lawsuit followed, and Union
Pacific demanded that Lely defend and indemnify it under the contract. Lely complied with the
demand. In 1996 another accident occurred and this lawsuit followed, in which Lely was sued for
negligence. Lely filed a third-party petition against Union Pacific, but later dismissed the claims. 
The plaintiffs then amended their petition, adding Union Pacific as a defendant. (1)

 Union Pacific cross-claimed against Lely for (1) contribution and indemnity and (2)
breach of the 1974 contract. Both Union Pacific and Lely moved for summary judgment. Union
Pacific argued that it was entitled to defense and indemnity under the 1974 contract and that the
indemnity agreement was enforceable as a matter of law. Union Pacific also argued that because
Lely had honored the indemnity agreement in 1994, it was estopped from taking an inconsistent
position by contesting the agreement. Lely brought both traditional and no-evidence motions for
summary judgment, arguing that the indemnity agreement was unenforceable and, even if it were
enforceable, it was ambiguous and so limited by its terms as to be inapplicable to the lawsuit at hand. 
See Tex. R. Civ. P. 166a(c), (i). The district court denied Union Pacific's motion and granted Lely's. 
The parties then settled the plaintiffs' claims and the district court signed a final judgment, ordering
Union Pacific to pay $32,000 to the plaintiffs. Union Pacific appeals, arguing that the district court
erred in denying its motion for summary judgment and granting Lely's motion.


Standard of Review

 A "traditional" motion for summary judgment is properly granted only when the
movant establishes there are no genuine issues of material fact and it is entitled to judgment as a
matter of law. Tex. R. Civ. P. 166a(c); Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex.
1991); Holmstrom v. Lee, 26 S.W.3d 526, 530 (Tex. App.--Austin 2000, no pet.). A defendant
seeking summary judgment must negate as a matter of law at least one element of each of the
plaintiff's theories of recovery or plead and prove as a matter of law each element of an affirmative
defense. Centeq Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995). If the defendant
establishes its right to summary judgment, the plaintiff must then raise a fact issue. Id.

 A party seeking a "no-evidence" summary judgment, on the other hand, does not bear
the burden of establishing its right to judgment by proving each defense or claim, but instead simply
asserts that there is no evidence of one or more essential elements of claims upon which the opposing
party will have the burden of proof at trial. Tex. R. Civ. P. 166a(i); Holmstrom, 26 S.W.3d at 530. 
A no-evidence summary judgment is essentially a pretrial directed verdict, to which we apply the
same legal sufficiency standard of review, asking whether the nonmovant failed to produce more
than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential
element on which the nonmovant would have the burden of proof. Tex. R. Civ. P. 166a(i);
Holmstrom, 26 S.W.3d at 530.

 In reviewing the grant of summary judgment, we take as true evidence favorable to
the nonmovant and make every reasonable inference and resolve all doubts in favor of the
nonmovant. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985); McMillan v.
Parker, 910 S.W.2d 616, 618 (Tex. App.--Austin 1995, writ denied). When both parties move for
summary judgment, we determine all questions presented and render the judgment the trial court
should have rendered. Commissioners Court v. Agan, 940 S.W.2d 77, 81 (Tex. 1997).


Discussion

 Union Pacific argues that it is contractually entitled to indemnification from Lely,
while Lely contends the indemnity clause is unenforceable. Generally, a clause under which one
party agrees to indemnify another party against the consequences of that party's own negligence must
pass the "fair-notice" test to be enforceable. (2) Dresser Indus., Inc. v. Page Petroleum, Inc., 853
S.W.2d 505, 508 (Tex. 1993). However, the fair-notice test does not apply if the indemnitee
establishes that the indemnitor had actual notice or knowledge of the indemnity agreement. Dresser
Indus., 853 S.W.2d at 509 n.2; Coastal Transp. Co. v. Crown Cent. Petroleum Corp., 20 S.W.3d
119, 126 (Tex. App.--Houston [14th Dist.] 2000, pet. denied); U.S. Rentals, Inc. v. Mundy Serv.
Corp., 901 S.W.2d 789, 793 (Tex. App.--Houston [14th Dist.] 1995, writ denied). The party
seeking indemnification has the burden of establishing actual notice or knowledge. Coastal Transp.,
20 S.W.3d at 126; Mundy Serv., 901 S.W.2d at 793.

 Union Pacific argues that it proved Lely had actual notice by showing that it
demanded and Lely provided indemnification and defense in the earlier lawsuit. Lely contends that
the indemnitee must establish that the indemnitor had actual notice or knowledge at the time it
entered into the agreement. Lely does not provide the Court with authority to support this
contention, but insists that as a matter of common sense, a contrary holding would defeat the purpose
of the safeguards developed around indemnity agreements. To illustrate its contention and to show
that Union Pacific's position is nonsensical, Lely points out that "[i]n every instance where an
indemnitee demands indemnity under an inconspicuous indemnity clause, the indemnitor will, at the
time of receiving the demand, necessarily become aware of the inconspicuous indemnity
undertaking." Lely contends that binding an indemnitor to an indemnity agreement which it learned
of after signing a contract would be absurd. Under these particular circumstances, we disagree.

 Here, Lely signed the contract in 1974 and then in 1982 signed the addendum
requiring it to increase its insurance limits related to the indemnity clause. One who signs a contract
is presumed to know its contents and its legal effects. Brown v. Aztec Rig Equip., Inc., 921 S.W.2d
835, 846 (Tex. App.--Houston [14th Dist.] 1996, writ denied) (quoting Nguyen Ngoc Giao v. Smith
& Lamm, P.C., 714 S.W.2d 144, 146 (Tex. App.--Houston [1st Dist.] 1986, no writ)); Emerald Tex.,
Inc. v. Peel, 920 S.W.2d 398, 402 (Tex. App.--Houston [1st Dist.] 1996, no writ); First City
Mortgage Co. v. Gillis, 694 S.W.2d 144, 147 (Tex. App.--Houston [14th Dist.] 1985, writ ref'd
n.r.e.); Estes v. Republic Nat'l Bank, 462 S.W.2d 273, 276 (Tex. 1970) (absent fraud, failure to read
contract generally is not ground to avoid it). In the 1994 lawsuit, Lely performed under and
complied with the indemnity agreement. Lely clearly had actual notice of this indemnity clause well
before the 1996 occurrence and never objected to or sought to avoid that portion of the contract. (3) 
We hold, under the facts of this case, that Lely had actual notice and therefore the indemnity clause
was not required to pass the fair-notice test. See Dresser Indus., Inc., 853 S.W.2d at 508 n.2;
Coastal Transp. Co., 20 S.W.3d at 126.

 Furthermore, even if we were to assume that an indemnitor must have actual notice
or knowledge at the time it enters into the contract, Lely ratified the indemnity provision by its
conduct throughout its relationship with Union Pacific. (4) Ratification occurs if a party recognizes the
validity of a contract by acting or performing under the contract or by otherwise affirmatively
acknowledging it. Stable Energy, L.P. v. Newberry, 999 S.W.2d 538, 547 (Tex. App.--Austin 1999,
pet. denied); Fowler v. Resolution Trust Corp., 855 S.W.2d 31, 35 (Tex. App.--El Paso 1993, no
writ). In other words, if a party by its conduct recognizes a contract as valid, having knowledge of
all relevant facts, it ratifies the contract. Spellman v. American Universal Inv. Co., 687 S.W.2d 27,
29 (Tex. App.--Corpus Christi 1984, writ ref'd n.r.e.); Motel Enters., Inc. v. Nobani, 784 S.W.2d
545, 547 (Tex. App.--Houston [1st Dist.] 1990, no writ). Once a party ratifies a contract, it may not
later withdraw its ratification and seek to avoid the contract. Missouri Pac. Ry. Co. v. Brazil, 10
S.W. 403, 406 (Tex. 1888); Spellman, 687 S.W.2d at 29. Ratification may be inferred by a party's
course of conduct and need not be shown by express word or deed. Nobani, 784 S.W.2d at 547;
Spellman, 687 S.W.2d at 30; see Sun Operating Ltd. P'ship v. Oatman, 911 S.W.2d 749, 756 (Tex.
App.--San Antonio 1995, writ denied) (ratification found when party relied on "factual assertions
made by the very entity that is now trying to disavow them years later"). Any act inconsistent with
an intent to avoid a contract has the effect of ratifying the contract. Old Republic Ins. Co. v. Fuller,
919 S.W.2d 726, 728 (Tex. App.--Texarkana 1996, writ denied). Whether a party has ratified a
contract may be determined as a matter of law if the evidence is not controverted or is
incontrovertible. Id.

 The facts in this cause are uncontroverted: (1) Lely accepted contractual benefits by
using the railroad crossing since 1974; (2) Lely signed the 1982 addendum requiring higher
insurance coverage to cover the covenant to indemnify; (3) Lely met Union Pacific's demand for
indemnity in the 1994 lawsuit; and (4) Lely did not attack the indemnity clause during the 1994
lawsuit or thereafter, waiting until this second lawsuit and demand for indemnification to attack the
clause as unenforceable. Such conduct was inconsistent with an intent to disavow the contract and
acted to ratify the allegedly unenforceable clause. See id.; Nobani, 784 S.W.2d at 547; Spellman,
687 S.W.2d at 29-30. 


Conclusion

 Because we have held that Lely had actual knowledge of the indemnity provision of
the contract, (5) the district court erred in granting Lely's motion for summary judgment and denying
Union Pacific's motion. We sustain Union Pacific's issues on appeal.

 Attached to Union Pacific's amended motion for summary judgment is an affidavit
by Union Pacific's counsel. She averred that Union Pacific incurred $39,226 in damages under the
settlement with the plaintiffs, plus $111,368.75 in attorney's fees and $22,443.72 in expenses from
January 1998 through February 2001. The indemnity clause provides that Union Pacific should be
indemnified for "damages, expenses, attorneys' fees and cost[s]." Lely did not attack Union
Pacific's evidence on the issue of attorney's fees and expenses.

 We reverse the district court's judgment in favor of Lely, and we render judgment in
favor of Union Pacific. We order Lely to pay Union Pacific $173,038.47 for damages, attorney's
fees, and expenses.



 __________________________________________

 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Reversed and Rendered 

Filed: August 30, 2002

Publish
1. Slone is the engineer of the train involved in the accident. Five other entities, including
three companies related to Lely, were also named as defendants but are not parties to this appeal.
2. To be enforceable under the fair-notice test, an indemnity agreement must (1) express in
specific terms within the four corners of the contract an intent that the indemnitor will indemnify the
other party against the consequences of that party's negligence, known as the "express negligence
doctrine," and (2) be conspicuous enough on the face of the contract to draw the attention of a
reasonable person reviewing the contract. Dresser Indus., Inc. v. Page Petroleum, Inc., 853 S.W.2d
505, 508 (Tex. 1993).
3. In Goodyear Tire & Rubber Co. v. Jefferson Constr. Co., 565 S.W.2d 916 (Tex. 1978), the
supreme court discussed whether actual notice was shown. Id. at 918-19. Lely attempts to
distinguish Goodyear Tire because the court explained that it had to presume all findings of fact
necessary to support the trial court's judgment and could not consider contrary evidence. Id. at 917-19. Lely quotes a portion of the Goodyear Tire opinion but omits the discussion of whether "it was
not shown when [the appellee's] officers read [the indemnity clause], whether before or after the
occurrence of" the incident giving rise to liability. Id. at 919 (emphasis added) (holding that the
contention was based on evidence contrary to the fact finder's determination and thus must be
disregarded), overruled in part by Dresser Indus., 853 S.W.2d at 509 (holding that compliance with
fair-notice test is question of law, not fact question). We believe the quoted language supports the
position that actual notice or knowledge at the time the contract is formed may not be necessary if
the indemnitor has actual notice before the incident giving rise to liability occurs.
4. Lely contends that Union Pacific did not sufficiently raise the issue in its pleadings because
it did not plead ratification until it filed its amended motion for summary judgment. A party may
waive an affirmative defense such as ratification if it fails to plead it before the trial court. Land
Title Co. v. F.M. Stigler, Inc., 609 S.W.2d 754, 756 (Tex. 1980); see Tex. R. Civ. P. 94. However,
a party need not plead a cause of action and its elements with specificity if it can be reasonably
inferred. McNeil v. Nabors Drilling USA, Inc., 36 S.W.3d 248, 250 (Tex. App.--Houston [1st Dist.]
2001, no pet.). A pleading is sufficient if it gives notice of the cause of action and facts being
alleged so that the opposing party has the opportunity to adequately mount a defense. Id. Here,
although Union Pacific did not explicitly plead ratification in its petitions, in its cross-claim against
Lely, it pleaded that "[b]ased on past actions of LELY pursuant to the contract, LELY should be
estopped from denying any duty to provided defense and indemnity." We believe that Union
Pacific's pleadings, arguing that Lely should not be allowed to first accept benefits under the contract
and then attack the contract's validity, sufficiently raised ratification to give Lely the opportunity to
mount a defense. See id.
5. Lely also contends that the indemnity clause is unenforceable because it does not satisfy
either of the requirements of the fair-notice test, but due to our resolution of the question of actual
notice, we need not reach that issue.