Opinion issued April 13, 2007

 









In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00830-CV






CHOICE PERSONNEL NO. FOUR, INC., and CHOICE ACQUISITIONS
NO. THREE, INC., Appellants


V.


1715 JOHANNA SQUARE LIMITED, J&B GILMORE MANAGEMENT
L.L.C., J&B RICHMORE MANAGEMENT L.L.C., Appellees






On Appeal from the 125th District Court

Harris County, Texas

Trial Court Cause No. 2003-55286







MEMORANDUM OPINION

 This is the third appeal concerning a dispute over title to property (1) purchased
at a foreclosure sale in 1999. (2) Appellants, Choice Personnel No. Four, Inc. and
Choice Acquisitions No. Three, Inc. (the Choice Companies), appeal the trial court's
order that granted summary judgment in favor of appellees 1715 Johanna Square
Limited, J&B Gilmore Management, L.L.C., and J&B Richmore Management, L.L.C.
(the Purchasers). (3) The trial court ordered that the Choice Companies take nothing
and denied any determinations or declarations regarding the property, in their claims
for trespass to try title, "accounting," and actual and punitive damages.

 In five issues on appeal, the Choice Companies contend that the Purchasers did
not produce sufficient evidence to merit summary judgment because (1) fact issues
exist as to the validity of the Purchasers' title, and therefore the Purchasers have not
proved their affirmative defense of limitations as a matter of law; (2) collateral
estoppel and res judicata are inapplicable to this case because there is no identity of
parties with previous litigation; (3) the summary judgment evidence does not show
when the Choice Companies should have learned of their conversion claim, and under
the discovery rule the Purchasers cannot prove as a matter of law their affirmative
defense of limitations as to the Choice Companies' conversion claim; (4) the
summary judgment order does not dispose of all parties to the case, and therefore is
not a final judgment; and (5) the Purchasers have not proved as a matter of law their
pleaded defenses of laches, waiver, and estoppel. (4) 


 We conclude that the trial court's judgment disposed of all parties and all
claims, and that we have jurisdiction over this appeal. We also conclude that the trial
court properly rendered summary judgment on the grounds of limitations as to both
the trespass to try title and conversion claims. We do not reach appellants' remaining
issues. We affirm.

Background

 On or about November 1, 1988, Investment Choices Corporation (Investment) (5) 
purchased the property from Johanna Square Company, Ltd. via warranty deed with
a promissory note secured by a Deed of Trust executed by David A. Newman as
president of Investment. In the event of default, the Deed of Trust authorized the
trustee or his substitute or successor to sell the property at a non-judicial foreclosure
sale. Both documents were recorded in the Harris County property records on
November 8, 1988.

 About a week following its purchase of the property, Investment, acting
through Dov Avni Kaminetzky, conveyed half of its interest in the property to
Howard Weiss. In December 1988, Investment, again through Kaminetzky, conveyed
its remaining one-half interest in the property to Kaminetzky's wife. In February
1989, Kaminetzky's wife and Weiss each conveyed their ownership in the property
to Choice Acquisitions. (6) These conveyances were expressly made subject to the Deed
of Trust. 

 In December 1990, Choice Acquisitions entered into a "Notice of Settlement
of Disputes" over the property. The Notice recited that Newman had committed
"certain infractions," and that Newman "had no corporate authority" to execute the
note or deed of trust. However, the Notice and its accompanying exhibits
acknowledged the validity and continuing superiority of the original note. 

 In September 1992, Investment and Choice Acquisitions entered into a "Second
Modification and Extension of Real Estate Note and Liens" with Johanna Square Co.,
Ltd. This document was signed by Kaminetzky as President of Investment and
Choice Acquisitions. It also expressly acknowledged the Deed of Trust.

 John Gilmore and Herbert Richardson acquired the property on August 3, 1999,
at a non-judicial foreclosure sale conducted by substitute trustee. The Substitute
Trustee's Deed, executed the same day, recited that Berfal Properties, Inc. was the
holder and assignee of the Deed of Trust, and all prerequisites required by law or by
the Deed of Trust were fully satisfied.

 After the foreclosure sale, Choice Acquisitions executed a special warranty
deed (7) purporting to convey a one-third interest in the property, all rental activities,
and all detachable and personal property to Choice Personnel by and through
Kaminetzky acting as (1) president of Choice Personnel, (2) co-owner of the property,
and (3) "assignee of causes of action against 'Johanna Square Co., Ltd.,['] the prior
lender on this project, its successors, transferees and assigns." Kaminetzky signed
the deed as "Individual Grantee/Assignee and as authorized corporate representative
of [Choice Personnel]." The document was ratified by Choice Acquisitions and by
Kaminetzky in his capacity as president and CEO of Choice Personnel on August 3,
1999, the date of the foreclosure sale. The document was filed on August 20, 1999.

 Also on August 20, Richardson and Gilmore filed suit against Kaminetzky,
Investment, and Hi-Noi Corporation, alleging interference with title and ownership
of the property. Richardson and Gilmore filed their Special Warranty Deed that same
day. Richardson and Gilmore obtained summary judgment against Investment, and
final judgment as to all parties in February 2000. The judgment permanently enjoined
Kaminetzky and any corporation or entity directly or indirectly controlled by him
from attempting to exclude Gilmore and Richardson from possession of the property
and from causing any further documents pertaining to the property to be filed in the
real property records of Harris County. We affirmed the judgment of the trial court.
Kaminetzky v. Richardson, No. 01-00-00575-CV, 2003 WL 21470396 (Tex.
App.--Houston [1st Dist.] June 26, 2003, pet. denied) (mem. op.).

 Gilmore and Richardson conveyed the property to their partnership, 1715
Johanna Square Ltd., by Special Warranty Deed in October 2001 in a document filed
in the Harris County property records in November 2001. This lawsuit was filed on
October 2, 2003, by the Choice Companies against the Purchasers. The Choice
Companies sought a declaration that they were record owners of the property and all
appliances located on the property, a declaration that liens that the Purchasers had
placed on the property were invalid, reimbursement for rents collected, court costs,
and attorney's fees, and $10,000,000 in punitive damages. 

 Two months later, Kaminetzky filed a "Notice of Disaffirmation of Debt" in
the property records of Harris County, apparently in violation of the February 2000
injunction. In that document, Kaminetzky asserted that (1) Newman did not have
authority to execute the original Deed of Trust on behalf of Investment; (2)
Investment could not legally conduct business in Texas at any time before November
10, 1988; and (3) the Second Modification was never ratified or approved by
Investment's board of directors.

 In their second amended petition filed on January 27, 2004, the Choice
Companies added Kaminetzky and Hi-Noi Corporation as defendants, seeking a
declaration that their title was superior to Kaminetzky's. The Choice Companies did
not seek any specific relief against Hi-Noi. Kamintezky filed an answer on behalf of
himself and Hi-Noi as "assignee of record of affirmative causes of action, rights of
recovery and defenses [related to the property]" of Hi-Noi, Investment, Weiss, and
two other corporations.

 In December 2004, the Choice Companies sued Richardson and Gilmore in the
113th Judicial District Court in Harris County asking the trial court to declare that
Richardson and Gilmore never had any valid, legal ownership of the property and to
invalidate any conveyances of the property. Choice Personnel No. Four, Inc. v.
Richardson, 14-05-00675-CV, 2006 WL 2074681 at *1 (Tex. App.--Houston [14th
Dist.] July 27, 2006, pet. denied) (mem. op.) The trial court granted summary
judgment in favor of Richardson and Gilmore on the grounds that the causes of action
were time-barred, and barred on the alternative grounds of res judicata and collateral
estoppel. Id. at *2. The Fourteenth Court of Appeals affirmed the summary judgment
on the statute of limitations ground. Id. at *7.

 Just as the defendants did in the 113th District Court, here, the Purchasers
moved for summary judgment on the grounds of limitations, collateral estoppel, and 
res judicata. Also, just like the 113th District Court, the trial court here rendered
summary judgment against the Choice Companies. The trial court issued its order
granting summary judgment on April 21, 2005, and ordered the Purchasers to prepare
a judgment reflecting that order. On May 26, 2005, the trial court signed a judgment
ordering that

Plaintiffs take nothing by their suit . . . and that their
requests for determinations and/or declarations regarding
title to the property identified in their pleadings . . . are
denied.


The Court further orders that Dov Avni Kaminetzky, cross-plaintiff in this suit, take nothing by way of his claims
against the other parties, that judgment be entered against
him, and that his claims for determinations and/or
declarations regarding title to the Property are denied.


The Court denies all relief not granted in this judgment.The trial court did not state the grounds for its judgment.

Jurisdiction

 In their fourth issue, the Choice Companies contend that the trial court's May
26 order granting summary judgment against them was not a final judgment because
it did not dispose of their claims against Hi-Noi Corporation.

 As a general rule, appeal may be taken only from a final judgment or order. 
Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). A summary judgment
order that does not dispose of all parties and issues is not appealable. Id. However,
a judgment need not recite the names of all parties or claims; the language of a
summary judgment order cannot render the order interlocutory and unappealable
when, on the record, it is a final disposition of the case. Id. at 200. 

 The trial court's order and judgment of April 21, 2005, and May 26, 2005, do
not mention Hi-Noi by name. However, the order on its face disposes of all of the
plaintiffs' claims. The trial court ordered (1) that the Choice Companies "take
nothing . . . [and] that judgment be entered against them," and (2) that "their requests
for determinations and/or declarations regarding title to the property . . . are denied." 
All of the Choice Companies' claims for damages and "accounting" were contingent
on the trespass to try title action that the trial court denied. 

 The Choice Companies' live pleadings merely sought a declaration that the
Choice Companies' title was superior to Hi-Noi's title. No damages were sought
from Hi-Noi. The trial court's judgment plainly states that it is denying the Choice
Companies' requests for determinations or declarations of title.

 We hold that the trial court's summary judgment order was a final judgment
that disposed of all parties and all claims, and that we have jurisdiction over this
appeal. We overrule the Choice Companies' fourth issue.

Limitations

 In their first issue, the Choice Companies assert that the trial court erred by
rendering summary judgment against them on the grounds that their claims were
barred by the statutes of limitations.

A. Standard of Review

 We review de novo a trial court's order granting summary judgment. Valence
Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005). In conducting our
review, we resolve all doubts in favor of the nonmovant. See Provident Life &
Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003). 

 When, as here, a summary judgment does not specify the grounds on which it
was granted, we will affirm the judgment if any one of the grounds advanced in the
motion is meritorious. Joe v. Two Thirty Nine Joint Venture, 145 S.W.3d 150, 157
(Tex. 2004). The Purchasersmoved for summary judgment on the affirmative
defenses of limitations, collateral estoppel, and res judicata. A defendant may prevail
on a motion for summary judgment by conclusively proving that no genuine issue of
material fact exists as to any element of a defendant's affirmative defense, and that
the defendant is therefore entitled to prevail as a matter of law. See Science
Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997). 

B. Validity of Title

 Here, as in the lawsuit affirmed by the Fourteenth Court of Appeals, the Choice
Companies challenge the 1999 foreclosure sale to Gilmore and Richardson and the
Deed of Trust on which that sale was based. The only apparent difference between
the challenges to the 1999 foreclosure sale presented to this Court and to the
Fourteenth Court of Appeals is that the defendants here are Gilmore and Richardson's
successors in interest--1715 Johanna Square, Ltd. and the J & B Companies--instead
of Gilmore and Richardson themselves. 

 A foreclosure sale under a valid deed of trust has the effect of passing all right,
title, and interest that the mortgagor held at the time the deed of trust was executed,
free and clear of the rights of any subsequent purchaser. Motel Enters, Inc. v. Nobani,
784 S.W.2d 545, 547 (Tex. App.--Houston [1st Dist.] 1990, no writ) (citing
Hampshire v. Greeves, 143 S.W. 147, 150 (Tex. 1912)). If the Deed of Trust
executed by Investment is valid, and if the foreclosure sale was valid, then all title in
the property passed to Gilmore and Richardson, appellees in the case before the
Fourteenth Court of Appeals. Gilmore and Richardson subsequently conveyed the
property to the Purchasers, the appellees in this case. The Purchasers likewise may
rely on limitations as a defense, basing their limitations period on the conveyance to
Gilmore and Richardson. See Tex. Civ. Prac. & Rem. Code Ann. §16.023 (Vernon
2002) (adverse possession continues so long as there is privity of estate). 

1. Deed of Trust

 The summary judgment evidence establishes that soon after it purchased the
property in 1988, Investment conveyed the property subject to the Deed of Trust. 
Regardless of whether Newman acted without authority by entering into the Deed of
Trust, Investment ratified the transaction by its subsequent conveyances. See Zieben
v. Platt, 786 S.W.2d 797, 802 (Tex. App.--Houston [14th Dist.] 1990, no writ)
("Ratification occurs when a party recognizes the validity of a contract by acting
under it, performing under it or affirmatively acknowledging it."). Investment's
successors in interest likewise recognized the existence and validity of the Deed of
Trust in their conveyances of the property to Choice Acquisitions. Like the
Fourteenth Court of Appeals in the related case, we hold that the Deed of Trust was
a valid instrument securing the note made by Investment.

2. Quitclaim Deed

 The Choice Companies' claim that the Substitute Trustee's Deed by which
Gilmore and Richardson took title to the property is a quitclaim deed, and therefore
not "title or color of title" for the purposes of adverse possession. See Rogers v.
Ricane Enters., Inc., 884 S.W.2d 763, 769 (Tex. 1994) (holding that quitclaim deed
does not establish title in those holding deed, but only passes interest of grantor). The
Choice Companies contend that the challenged deeds contain waivers of warranty of
title, rendering them quitclaim deeds. See id. 

 The Fourteenth court reviewed this claim, and concluded that taken as a whole,
the Substitute Trustee's Deed conveyed the property, and not merely the grantor's
rights. Choice Personnel, 2006 WL 2074681 at *4-*5. We agree. 

 To determine whether an instrument is a quitclaim deed, we look to whether
the language of the instrument, taken as a whole, conveyed the property or merely the
grantor's rights in the property. Geodyne Energy Income Prod. P'ship I-E v. Newton
Corp., 161 S.W.3d 482, 486-87 (Tex. 2005) (holding that assignment and bill of sale
that expressly disclaimed warranty of title and purported to convey "Assignor's right,
title, and interest in and to the property" was quitclaim deed). A deed that is
unambiguous is construed as a matter of law. See J. Hiram Moore, Ltd. v. Greer, 172
S.W.3d 609, 613 (Tex. 2005). The Substitute Trustee's Deed states that the substitute
trustee

has GRANTED, SOLD and CONVEYED the Subject
Property, and by these presents does GRANT, SELL and
CONVEY the Subject Property, unto Purchaser . . . .


 This conveyance is made, and Grantee hereby agrees
to accept and by its acceptance of the Deed Grantee does
hereby accept the Subject Property in its "AS IS"
condition, subject to all restrictions, covenants, conditions,
liens, encumbrances, reservations, easements, and other
exceptions to title, if any, relating to the Subject Property
. . .  any and all warranties, whether expressed or implied,
and whether of merchantability, habitability or fitness of
purpose, are expressly waived by Purchaser.


 TO HAVE AND TO HOLD the Subject Property,
together with the rights, privileges and appurtenances
thereto belonging, unto Purchaser . . . . And Substitute
Trustee does hereby bind Debtor and Debtor's successors
to warrant and forever defend the Subject Property unto
Purchaser . . . against the claim or claims of all persons
claiming or to claim the same or any part thereof.


The Choice Companies contend that we should view in isolation the as-is language
in the Substitute Trustee's Deed. The as-is paragraph, like the rest of the deed,
evidences a transfer of the "Subject Property." A quitclaim deed transfers the
grantor's interest in the property, not the property itself. See Ricane, 884 S.W.2d at
769. Taking the recitations in the Substitute Trustee's Deed as a whole, the
Substitute Trustee's Deed conveyed the property, and not merely rights in the
property. See Geodyne Energy, 161 S.W.3d at 486-87; Roswurm v. Sinclair Prairie
Oil Co., 181 S.W.2d 736, 743 (Tex. App.--Fort Worth 1944, writ ref'd w.o.m.). We
conclude, as did the Fourteenth Court of Appeals, that the Substitute Trustee's Deed
is not a quitclaim deed. (8)

3. Recitals of the Substitute Trustee's Deed

 The Choice Companies assert that the foreclosure sale was invalid because
Substitute Trustee's Deed does not mention that any borrower had defaulted, and the
Purchasers did not produce evidence that Berfal Properties owned the note on which
it foreclosed. The Fourteenth Court of Appeals considered this assertion, and
concluded that the recitals in the Substitute Trustee's Deed constituted prima facie
evidence of the validity of the foreclosure sale. Choice Personnel, 2006 WL 2074681
at *5. We agree with the Fourteenth Court of Appeals. Recitals in a deed are
presumed correct, unless rebutted by competent evidence. Deposit Ins. Bridge Bank,
N.A., Dallas v. McQueen, 804 S.W.2d 264, 266 (Tex. App.--Houston [1st Dist.]
1991, no writ). The Purchasers produced the Substitute Trustee's Deed entered into
by Gilmore and Richardson, which states that Berfal Properties owns the note and
that all prerequisites to the foreclosure sale were satisfied. The Fourteenth Court of
Appeals correctly noted that Choice Companies offered no competent evidence to
rebut the presumption that these recitals are correct. Choice Personnel, 2006 WL
2074681 at *5. We conclude, as did the Fourteenth Court of Appeals, that production
of the Substitute Trustee's Deed was sufficient evidence that Berfal Properties owned
the note and that Investment was in default. See id.

 The Fourteenth Court of Appeals reviewed facts and arguments that are
virtually identical to those before us today and affirmed the summary judgment of the
113th Judicial District Court in favor of the Purchaser's predecessors in interest. We
agree with the conclusions of the Fourteenth Court of Appeals. We conclude that the
summary judgment evidence establishes that the Purchasers held the property under
title or color of title that began in August 1999. Because the Choice Companies
failed to bring their trespass to try title suit within three years of their cause of action
accruing, that suit is barred by the statute of limitations.

 We overrule the Choice Companies' first issue.

C. Conversion Claim

 In their third issue, the Choice Companies assert that their claim in conversion
is not time-barred because the Purchasers failed to plead at what time the Choice
Companies should have discovered the conversion. The two-year limitation for a
conversion claim begins to run at the time of the allegedly unlawful taking. Tex. Civ.
Prac. & Rem. Code Ann. § 16.003 (Vernon Supp. 2006) (two-year statute of
limitations); Rogers v. Ricane Enters., Inc., 930 S.W.2d 157, 166 (Tex.
App.--Amarillo 1996, writ denied). Gilmore and Richardson took possession of the
property and any chattels on the premises on August 3, 1999, thus accomplishing any
conversion that may have taken place. The Choice Companies filed suit in October
2003. Because more than two years passed between the alleged conversion and the
filing of suit, any claims that the Choice Companies may have had would be barred
by the statute of limitations.

 The Choice Companies contend that the discovery rule tolls the statute of
limitations on the Choice Companies' conversion claim. For the discovery rule to
apply, the complained-of injury must be inherently undiscoverable--"by its nature,
unlikely to be discovered within the prescribed limitations period despite due
diligence." VIA Net v. TIG Ins. Co., 211 S.W.3d 310, 313 (Tex. 2006). Gilmore and
Richardson recorded their acquisition of the property on August 20, 1999, and began
to operate the apartment complex on the property, including the personalty which the
Choice Companies allege was converted. Even if the Choice Companies lacked
actual notice of the alleged conversion, we conclude that they could have discovered
their cause of action by the due diligence of visiting the property or examining the
Harris County property records. We hold that the alleged wrong was not inherently
undiscoverable within the limitations period. See HECI Exploration Co. v. Neel, 982
S.W.2d 881, 886-87 (Tex. 1998) (holding that records of Railroad Commission,
while not necessarily constructive notice, were "publicly available" and cause of
action relating to those records was not inherently undiscoverable). The discovery
rule therefore does not apply to this case. (9)

 We overrule the Choice Companies' third issue.


 Conclusion


 We hold that the present appeal is from a final judgment, and therefore properly
before this Court. We further hold that the Purchasers' affirmative defense of
limitations asserted in their motion for summary judgment was meritorious. We do
not reach the Choice Companies' remaining issues.

 We affirm the judgment of the trial court.






 Elsa Alcala

 Justice


Panel consists of Justices Taft, Alcala, and Hanks.

1. The property is described as "Lot 7, Block 8, Hillendahl Acres, an addition in Harris
County, Texas, according to the map thereof recorded in Volume 18, Page 17, of the
map records of Harris County Texas."
2. Kaminetzky v. Richardson, 01-00-00575-CV, 2003 WL 21470396, *1 (Tex.
App.--Houston [1st Dist.] June 26, 2003, pet. denied) (mem. op.); Choice Personnel
No. Four, Inc. v. Richardson, 14-05-00675-CV, 2006 WL 2074681 (Tex.
App.--Houston [14th Dist] July 27, 2006, pet. denied) (mem. op.).
3. Dov Avni Kaminetzky was a defendant and cross-plaintiff in the trial court. He filed
a notice of appeal of the trial court's summary judgment order, but has not filed an
appellant's brief with this Court. Kaminetzky's motion to dismiss his appeal was filed
on March 26, 2007. Pursuant to Rule 42.1(a) of the Rules of Appellate Procedure, we
grant his motion and dismiss his appeal. Tex. R. App. P. 42.1(a)(1).
4. In their appellant's brief, the Choice plaintiffs present a list of "ISSUES
PRESENTED FOR REVIEW" that do not directly correspond to the arguments
asserted in their brief. These issues are:


1) Is a party who files a motion for summary judgment without
evidence to support the motion entitled to summary judgment?


2) Can someone who purchases real property at a non-judicial
foreclosure in the state of Texas receive ownership of the
property when the party being foreclosed on had no interest in
the property at the time of foreclosure?


3) Can a purchaser at a non-judicial foreclosure sale in the state
of Texas receive ownership of real property even though the
property is owned by entities whose ownership of the property
is recorded in the real property records of the county in which
the foreclosure took place?


4) Can someone who purchased real property at a non-judicial
foreclosure sale receive title to the property when the deed of
trust foreclosed upon is void?


5) Can an entity who is conveyed property from a purchaser at
a void non judicial foreclosure sale receive any valid title to the
property when the entity to whom the property is conveyed is
owned and controlled by the purchaser at the non-judicial
foreclosure sale?


6) Can a mortgagee foreclose on a deed of trust if the mortgagor
did not default on the terms of the deed of trust?


7) If a substitute trustee's deed expressly disclaims all
warranties of title to real property, does the an [sic] entity who
receives a deed from the grantee of such a deed have any
evidence of title to the property which is purportedly conveyed
in that deed?


8) Is the three year statute of limitations for adverse possession
applicable when the parties claiming adverse possession do not
have any evidence of title or color of title to the property which
they are claiming under adverse possession?


9) Can a defendant in a trespass to try title suit rely on the
affirmative defense of latches [sic] when the plaintiff's claim is
based on legal title?


10) Can the affirmative defense of waiver be used against
parties who did not waive any of their rights?


11) Can the affirmative defense of estoppel be used against a
party that did not misrepresented [sic] anything?


12) Can the affirmative defense of res judicata be used against
a party who was not a party in the prior lawsuit and was not in
privity with any of the parties in the prior lawsuit?


13) Can the affirmative defense of collateral estoppel be used
against a party who was not a party in the prior lawsuit and was
not in privity with any of the parties in the prior lawsuit?


14) Can the affirmative defense of res judicata be used against
a party without showing that the party knew about the prior
lawsuit?


15) Can the affirmative defense of collateral estoppel be used
against a party without showing that the party knew about the
prior lawsuit?


16) If a judgment entered by a court does not dispose of all of
the issues and parties in the case, is it a final judgment?


 To the extent that these issues are not reflected in the issues which appellants actually
briefed and argued, they are overruled as inadequately briefed. See Tex. R. App. P.
38.1(h).
5. At some point before the filing of the present lawsuit, Investment Choices
Corporation changed its name to Investment Performance Corporation f/k/a
Investment Choices Corporation. For clarity, we will refer to it throughout as
Investment.
6. Each of these conveyances was made via warranty deed, and all were recorded in
August 1990. The conveyance from Kaminetzky's wife was executed by Kaminetzky
as her attorney-in-fact.
7. By its terms, the conveyance was effective at 5:00 p.m. on the day of the foreclosure
sale, necessarily taking effect after the sale. See Tex. Prop. Code Ann. § 51.002(a)
(Vernon 2007) (a public auction of real property under a deed of trust must be held
between 10:00 a.m. and 4:00 p.m.).
8. Because we have concluded above that the running of the Purchasers' limitations
period depends on the conveyance to Gilmore and Richardson, we do not reach the
Choice Companies' assertion that the Purchasers' Special Warranty Deed is a
quitclaim. 
9. A party seeking to avail itself of the discovery rule must plead the rule. Woods v.
William M. Mercer, Inc., 769 S.W.2d 515, 518 (Tex. 1988). The discovery rule was
raised in the Choice Companies' pleadings only as to Choice Personnel. Because we
have held that the discovery rule does not apply to the Choice Companies' cause of
action, we do not address their failure to plead the rule as to Choice Acquisitions.