**Opinion issued March 17, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00114-CV

———————————

## MELISSA ROGERS, Appellant

## V.

## NINA LEEANN PROPST, Appellee

---

**On Appeal from the County Court at Law No. 3**
**Galveston County, Texas**
**Trial Court Case No. CV-0069811**

---

## MEMORANDUM OPINION

This is an appeal from a judgment in an eviction suit. Appellee and landlord Nina Propst sued appellant and tenant Melissa Rogers for possession of leased premises and past-due rent. Propst prevailed on a summary-judgment motion and was awarded past-due rent in the amount of $6,000.

On appeal, Rogers argues that material fact issues regarding the lease precluded summary judgment. She also challenges the amount of damages. We agree that the trial court should not have awarded summary judgment, because material fact issues were raised as to each element of an affirmative defense that the lease was fraudulently induced. Accordingly, we reverse the trial court's judgment and remand for further proceedings.

## Background

This case arises out of a divorce dispute over control of a rental property, which also ensnared the tenant.

Melissa Rogers entered into a two-year agreement to lease a home from Kenny Propst. Mr. Propst's wife, Nina, later contacted Rogers and claimed that she, not Kenny, owned the property and that a new lease would be required with her as the landlord. By this time, the Propsts were in the middle of a divorce.

Wary of Nina's claim, Rogers asked for evidence to support her position. In response, Rogers received copies of a "Deed of Trust" and a "Warranty Deed with Vendor's Lien," dated June 2, 2010, which purported to show the conveyance of the property from its previous owners, the Tomlinsons, to Nina Propst, reserving a vendor's lien and a deed of trust to secure a promissory note payable to the sellers. Rogers then signed a new lease for the property with Nina as landlord on January 1, 2013, and she paid the first month's rent due under that lease. The new lease

stated that it was "an amended agreement due to divorce, and previous agreement no longer valid (sic)."

Later that month, Kenny Propst and the Tomlinsons met with Rogers at the property. Kenny presented copies of two documents which purportedly demonstrated the falsity of Nina's claim that she was the owner of the property: a "General Warranty Deed," dated June 9, 2010, by which Nina conveyed a one-half interest in the property to Kenny, and a "Mutual Release," dated February 14, 2012, which required Nina to "sign over her half of deeded interest in [the property]" to Kenny. The Tomlinsons informed Rogers that her rental payment that month to Nina had not been used to pay them and that the promissory note therefore was in default.

They agreed that, going forward, rental payments would be made directly to the Tomlinsons, not to either of the Propsts, in satisfaction of the promissory note. To memorialize their agreement, Kenny prepared a copy of part of their original lease and wrote on it by hand that payments were to be made to the Tomlinsons "[t]ill further notice." He signed the agreement before a notary.

Days later, Rogers was contacted by Nina, who similarly instructed her that the rent for February should be paid to the Tomlinsons. After Rogers requested this directive in writing, Nina sent her an e-mail with her notarized signature, stating:

> I Nina L Propst am requesting Melissa Rogers to send the entire payment of 1500.00 to [N. Tomlinson] for the month of February.

> After that it will be deposited into [an] account set up at Bay Area Credit Union. This is a legal binding contract.

The next day, Rogers responded, informing Nina that the Tomlinsons had requested that she speak to their attorney. She replied that she had spoken to the attorneys, and she demanded that Rogers immediately pay her the February rent. Rogers declined, referencing her agreement with Kenny, so Nina demanded that she immediately vacate the property.

On April 8, 2013, Nina filed a sworn complaint against Rogers for forcible detainer in Galveston County justice court. That court ruled in favor of Nina, awarding her possession of the property and $4,600.50 in past-due rent.

The case was appealed to the county court at law, and the final pleadings in that court consisted of Nina's original complaint in the justice court and Rogers's third amended answer. Among other things, Rogers asserted an affirmative defense of fraudulent inducement, arguing that her lease agreement with Nina was induced by Nina's misrepresentation as to the ownership of the property. Nina filed a traditional motion for summary judgment arguing that Rogers could not prevail on her affirmative defense of fraudulent inducement, and requesting attorney's fees, a writ of possession, and $4,600.50 in past-due rent. The court granted Nina's motion for summary judgment and awarded her a judgment against Rogers for $6,000 for past-due rent from the months of April through July 2013.

4

Rogers appealed from the summary judgment granted by the county court at law.

**Analysis**

On appeal, Rogers argues that the trial court erred when it granted Nina's motion for summary judgment, because there are material fact issues regarding the existence of a valid lease contract between them. Nina did not file an appellee's brief with this court.

We review de novo the trial court's ruling on a summary judgment motion. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). To prevail on a traditional motion for summary judgment, a movant must establish that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Mann Frankfort*, 289 S.W.3d at 848. We review all the evidence in the light most favorable to the nonmovant, crediting favorable evidence if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors could not. *Mann Frankfort*, 289 S.W.3d at 848. We must indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Southwestern Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002).

If the movant meets its burden, then the burden shifts to the nonmovant to raise a genuine issue of material fact precluding summary judgment. *See Centeq*

*Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). To defeat summary judgment by raising an affirmative defense, the nonmovant must come forward with sufficient evidence to raise a genuine issue of material fact on each element of her affirmative defense. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984). The mere pleading of an affirmative defense will not, without more, defeat a motion for summary judgment. *American Petrofina, Inc. v. Allen*, 887 S.W.2d 829, 830 (Tex. 1994).

## I. Affirmative defense of fraudulent inducement

A lease agreement is subject to avoidance on the ground of fraudulent inducement. *See Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 331 (Tex. 2011). Rogers asserted the affirmative defense of fraudulent inducement in her pleadings. *See* TEX. R. CIV. P. 94. Thus, we must review the record to determine whether she produced sufficient summary-judgment evidence to raise a fact issue on each element of the affirmative defense. *Brownlee*, 665 S.W.2d at 112; *see also First Bank of Deer Park v. Harris Cnty.*, 804 S.W.2d 588, 594 (Tex. App.—Houston [1st Dist.] 1991, no writ).

To raise a fact issue on her affirmative defense of fraudulent inducement, Rogers had to present competent summary-judgment evidence that: (1) Nina made a material representation; (2) the representation was false; (3) Nina knew the representation was false or made it recklessly as a positive assertion without

6

knowledge of the truth; (4) Nina intended for Rogers to act upon the representation; (5) Rogers relied on the representation; and (6) Rogers suffered injury as a result of the representation. *See Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009) (per curiam); *DeSantis v. Wackenhunt Corp.*, 793 S.W.2d 670, 688 (Tex. 1990) (applying the elements of fraud to the affirmative defense of fraudulent inducement).

Rogers's summary-judgment evidence consisted of her own affidavit and attached exhibits. In the affidavit, Rogers averred that Nina "approached" her with the claim that she was the owner of the property, stating that "a new lease would be required with her." Rogers further averred that in response to her request for documentation, Nina provided documents purporting to demonstrate her ownership as a result of a 2010 conveyance. The exhibits attached to Rogers's affidavit included documents that contradicted Nina's claim of ownership and supported Kenny's superior claim, including a general warranty deed transferring Nina's interest in the property to Kenny, as well as a release, signed by Nina, which reflected the abandonment of her legal rights with respect to a dispute about the property.

We conclude that this evidence, viewed in the light most favorable to the nonmovant, is sufficient to demonstrate genuine issues of material fact as to Rogers's affirmative defense of fraudulent inducement. The evidence suggested

that Nina's claim to own the leasehold was false and that it induced Rogers to enter into the new lease agreement. Since Nina signed the documents transferring her interest in the property to Kenny, those documents were also evidence that when Nina later represented herself to Rogers as the true owner of the property, she must have known that her representation was false. This evidence supports an inference that Nina intended for Rogers to act on her false representations by signing a new lease agreement, and Rogers's affidavit indicates that she did rely on those representations in signing the new lease. Finally, to the extent that this evidence is believed by the relevant factfinder and Nina is determined to have fraudulently induced Rogers to enter into the lease agreement, the injury to Rogers is self-evident. Rogers was evicted from the premises based on Nina's claims under the lease and is at risk of being held responsible for damages. We hold this evidence was sufficient to raise a material fact issue on each element of the affirmative defense of fraudulent inducement. *See Aquaplex*, 297 S.W.3d at 744; *Brownlee*, 665 S.W.2d at 112.

## II. Other arguments raised in the trial court

Although she filed no appellee's brief in this court, in her summary-judgment motion Nina made two further arguments as to why Rogers could not prevail on an affirmative defense of fraudulent defense. She claimed the parol-

evidence rule barred the introduction of extrinsic evidence to prove fraud. She also claimed that Rogers ratified the second lease.

## A. Parol-evidence rule

Nina argued that because the lease agreement was fully integrated, Rogers could not offer extrinsic evidence necessary to raise a fact issue on each element of her affirmative defense. But for more than fifty years, it has been the rule that a written contract—even one containing a merger clause—can nevertheless be avoided for antecedent fraud or fraud in its inducement and that the parol-evidence rule does not stand in the way of proof of such fraud. *Italian Cowboy*, 341 S.W.3d at 331. Because Rogers offered extrinsic summary-judgment evidence seeking to prove fraudulent inducement, the parol-evidence rule does not bar its consideration. *See id.*

## B. Ratification of the lease agreement

Nina also argued that even if fraud occurred, Rogers nevertheless ratified the lease agreement by continuing to live at the property for several months after discovering the alleged fraud. By continuing to accept the benefits of the lease agreement, Nina argued, Rogers ratified the lease agreement.

A contract procured by fraud is voidable, not void. *PSB, Inc. v. LIT Indus. Tex. Ltd. P'ship*, 216 S.W.3d 429, 433 (Tex. App.—Dallas 2006, no pet.). "If a party fraudulently induced to enter into a contract continues to receive benefits

9

under the contract after learning of the fraud, or otherwise engages in conduct recognizing the agreement as subsisting and binding, then the party has ratified the agreement and waived any right to assert the fraud as a basis to avoid the agreement." *Id*.

Courts have recognized the "difficulty in stating a general rule" about which acts will or will not ratify an agreement and waive a claim of fraud. *See Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 678 (Tex. 2000). In the past, this court has described the elements of ratification as: (1) approval by act, word, or conduct; (2) with full knowledge of the facts of the earlier act; and (3) with the intention of giving validity to the earlier act. *Motel Enters., Inc. v. Nobani*, 784 S.W.2d 545, 547 (Tex. App.—Houston [1st Dist.] 1990, no pet.). If the evidence of ratification is controverted, then the question is for the trier of fact. *Spangler v. Jones*, 797 S.W.2d 125, 131 (Tex. App.—Dallas 1990, writ denied). Because ratification is an affirmative defense, the party raising the issue bears the burden to offer proof on each element of the defense. *Nobani*, 784 S.W.2d at 547.

A nonmovant who asserts ratification as an affirmative defense to a claim of fraud in a summary-judgment proceeding is only required to offer some evidence raising a genuine issue of material fact on each element of the affirmative defense. *Id*. But here, Nina was the summary-judgment movant, asserting ratification as an affirmative defense to Rogers's affirmative defense of fraud. Thus, in this context,

10

in order to obtain summary judgment Nina was required to conclusively establish that there was no genuine issue as to any material fact concerning Rogers's ratification of the lease agreement. *See* TEX. R. CIV. P. 166a(c). Because she was the summary-judgment movant, evidence favoring Nina's defense of ratification cannot be considered unless it is uncontroverted. *See Spangler*, 797 S.W.2d at 131.

Nina asserted that Rogers's affidavit established that she learned of the alleged fraud in January 2013, yet she continued to accept the benefits of the agreement by living in the property through July. However, Nina has not conclusively proven that Rogers continued living at the property with the intention of validating the second lease agreement. *See Nobani*, 784 S.W.2d at 547. Rogers's summary-judgment evidence establishes that she had signed a lease agreement for the same property with Kenny, and Nina does not offer evidence to establish that by remaining at the property, Rogers intended to ratify the January lease agreement as opposed to simply carrying out the original lease agreement with Kenny.

Because Nina has not conclusively demonstrated that there is no genuine issue of material fact as to her ratification defense, the trial court could not have granted summary judgment in her favor based on that defense. *See* TEX. R. CIV. P. 166a(c); *Nobani*, 784 S.W.2d at 547.

## Conclusion

We reverse the trial court's judgment and remand the case for further proceedings consistent with this opinion.

Michael Massengale
Justice

Panel consists of Justices Keyes, Bland, and Massengale.